```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
EVELYN ALVAREZ,                                             :
                                                            :
                                    Plaintiff,              :
                                                            :       20-CV-255 (VSB)
                   -against-                                :
                                                            :             ORDER
NEW YORK CITY DEPARTMENT OF                                 :
EDUCATION et al.,                                           :
                                                            :
                                    Defendants.             :
                                                            :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/26/2021

VERNON S. BRODERICK, United States District Judge:

    I am in receipt of the parties' January 22, 2021 letters that addressed 1) whether or not Individual Defendant Brian Leavy DeVale ("DeVale") was properly served, and 2) assuming service was not properly effectuated on DeVale, what impact, if any, that should have on Defendant New York City Department of Education's ("DOE") pending motion to dismiss. (Docs. 25–26.)

    Under Federal Rule of Civil Procedure 4(e), service is proper through personal delivery, leaving a copy of the summons and complaint "at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," "delivering a copy of each to an agent authorized by appointment or by law to receive service of process," or by following the prevailing state law governing service. Under New York law, personal service is proper "by delivering the summons within the state to a person of suitable age and discretion at the actual place of business." N.Y. C.L.P.R. § 308(2). When suing the New York City government, service is proper if the summons is delivered to the corporation counsel. *Id.* § 311(a)(2).

    Plaintiff initiated this action by filing the complaint on January 10, 2020. (Doc. 1.) While DOE issued a notice of appearance and ultimately moved to dismiss the complaint—a

motion that is still pending, (Doc. 10)—DeVale has not noticed an appearance or answered or otherwise responded to the complaint. Plaintiff did not file an affidavit of service until December 31, 2020, (Doc. 22)—nearly a year after the filing of the complaint. The affidavit of service for DeVale shows that a copy of the summons and complaint were delivered at DOE's offices at 100 Church Street in Manhattan, New York on January 22, 2020. (*Id.*)

I find that DeVale was not properly served in this action. At the time of service, DeVale was employed as principal of P.S. 257 in Brooklyn, but he was served at DOE's offices in Manhattan. As such, DeVale was not served "at [his] actual place of business," N.Y. C.L.P.R. § 308(2), but rather, in a completely different borough. Further, § 311 "does not authorize the City of New York to accept service on behalf of individuals." *Davis v. City of N.Y.*, No. 07 Civ. 1395(RPP), 2008 WL 2511734, at *3 (S.D.N.Y. June 19, 2008); *see also Moultry v. City of Poughkeepsie*, 154 F. Supp. 2d 809, 811–12 (S.D.N.Y. 2001) (finding that "service was never properly made" on individual defendants because "Plaintiff delivered the summons and complaint to the City Chamberlain of the City of Poughkeepsie, which was not the actual place of business of any of the individual defendants").

Plaintiff hardly contests this conclusion, arguing only that at time of service, DeVale "was still employed by the DOE" and that he could therefore be properly sued in his official capacity. (Doc. 26 at 2). Plaintiff here conflates her right to sue DeVale in his official capacity with the separate question of whether or not DeVale was properly served. On this latter question, Plaintiff fails to summon any authority indicating that she could serve DeVale through service at corporation counsel.

"If a defendant is not served within 90 days after the complaint is filed, the court … must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the

time for service for an appropriate period." Fed. R. Civ. P. 4(m). "Good cause is generally found only in exceptional circumstances where the plaintiff's failure to serve process in a timely manner was the result of circumstances beyond its control." *E. Refractories Co. v. Forty Eight Insulations, Inc.*, 187 F.R.D. 503, 505 (S.D.N.Y. 1999) (internal quotation marks omitted). "District courts consider the diligence of plaintiff's efforts to effect proper service and any prejudice suffered by the defendant as a consequence of the delay." *Id.* "An attorney's inadvertence, neglect, mistake or misplaced reliance does not constitute good cause." *Howard v. Klynveld Peat Marwick Goerdeler*, 977 F.Supp. 654, 658 (S.D.N.Y.1997) (citing *McGregor v. United States*, 933 F.2d 156, 160 (2d Cir.1991), *aff'd*, 173 F.3d 844 (2d Cir.1999)).

I cannot find this case raises "exceptional circumstances" such that Plaintiff's failure to properly serve DeVale constitutes "good cause." As noted *supra*, at time of service and now, federal and New York law is clear that DeVale could not properly be served at the city's offices. When she filed her complaint, Plaintiff was fully aware that DeVale did not work in that Manhattan office. (*See* Doc. 1.) DOE's counsel made clear on several occasions—and as early as February 10, 2020, nearly a full year ago—not only that he was not representing DeVale, but also that it was his understanding that DeVale had not been served. (Doc. 5) (DOE counsel writing in his February 10, 2020 notice of appearance that "[u]pon information and belief of Defendant DOE, service has not been effectuated upon the putative individual defendant"); *see also* (Doc. 11 at 2 n.1). Plaintiff's counsel, therefore, had no basis for whatever "impression and belief" he may have had that DOE's counsel was also representing DeVale. (Doc. 26 at 3.)

It has been more than a year since Plaintiff initiated this lawsuit, and there is already a fully briefed motion to dismiss filed by DOE. Plaintiff did not move for a default judgment during this time. Plaintiff has also had actual notice for many months that it was at least DOE's impression that DeVale was not properly served—a representation that should have, at

minimum, prompted Plaintiff to investigate the matter and potentially meet and confer with DOE.  Plaintiff's failure to serve DeVale was certainly not "beyond [her] control," *E. Refractories Co.*, 187 F.R.D. at 505, and at this point, staying DOE's motion to dismiss to allow Plaintiff to serve DeVale would prejudice DOE by slowing down the case.

        Accordingly, it is hereby:

        ORDERED that Defendant Brian Leavy DeVale is dismissed from this case without prejudice.  DOE's motion to dismiss remains pending before me.

SO ORDERED.

Dated:    January 26, 2021
             New York, New York

                                          VERNON S. BRODERICK
                                          United States District Judge